IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN K. LOMAKO,<br><br>    Plaintiff,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | No. C 05-0578 JSW (PR)<br><br>**ORDER DISMISSING COMPLAINT AND INSTRUCTIONS TO THE CLERK** |

      Plaintiff, a prisoner of the State of California, filed this civil rights complaint under 42 U.S.C. § 1983.  After the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint with leave to amend, Plaintiff filed several amended complaints.  On April 4, 2007, Plaintiff filed an amended complaint alleging a single claim, the failure to protect claim previously raised in the original complaint filed in this case.  In this order the Court reviews Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint for failure to state a claim based on the allegations set forth in the amended complaint.

**STATEMENT OF FACTS**

      Plaintiff complains about an incident at the Correctional Training Facility where Correctional Officer Williams and other staff at the prison failed to protect him from an assault by another inmate named Gushel who "walk[ed] up to Lomako who was sitting on the grass, and punch[ed] him in the face" and that staff "did not sound the alarm 'code one' on the institutional radio until Plaintiff was on his feet fighting with his attacker."

**DISCUSSION**

I    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II    Legal Claims

In its earlier order of dismissal with leave to amend, this Court identified the basic flaws in Plaintiff's complaint and provided Plaintiff with thirty days in which to file an amended complaint. The Court specifically notified Plaintiff that to state a claim, Plaintiff needed to set forth specific detailed facts regarding what each Defendant did and how the conducted violated his Eighth Amendment rights. The Court also explained to Plaintiff the legal standard for a deliberate indifference to safety claim.

In the amended complaint, Plaintiff complains that prison officials did not protect him from an assault by another prisoner. However, in the amended complaint, Plaintiff merely alleges that officials did not sound an alarm until after Plaintiff had stood up after another inmate punched him in the face. Plaintiff does not allege that prison officials had any forewarning of the impending assault and specifically alleges that this inmate walked up to him, not that he ran or that his conduct in any way made the impending assault

apparent to officials.  Plaintiff's claim is apparently that prison officials did not protect him from the assault by taking action *before* he himself "jumped up" but after the other inmate punched him, without alleging that officials had any warning that the attack was about to occur.  Apparently, Plaintiff is complaining that officials were not fast enough in sounding the alarm after Plaintiff was struck, but did so shortly thereafter, when he stood up in response to being struck.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *See id.* at 833; *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)*; Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).  However, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  *See Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

The Court finds that Plaintiff has failed to allege that the alleged deprivation, in failing to sound the alarm for such a brief period, was objectively sufficiently serious to rise to the level of a constitutional violation.  Neither negligence nor gross negligence is actionable under § 1983 in the prison context.  *See Farmer*, 511 U.S. at 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).  After the Court provided Plaintiff with an opportunities to amend the complaint to state a claim, Plaintiff's complaint still fails to state any conduct of the named Defendants that rises to the level of a constitutional violation.  Accordingly, the complaint is DISMISSED for failure to state a claim.

3

**CONCLUSION**

For the reasons set forth herein, Plaintiff's complaint is DISMISSED. The Clerk shall terminate any pending motions as MOOT, close the file and enter judgment in this matter.

IT IS SO ORDERED.

DATED: April 25, 2007

_____
JEFFREY S. WHITE
United States District Judge